### No. 9711.

PEOPLE'S BANK OF NEW ORLEANS VS. MRS. F. E. F. TRUDEAU ET ALS.

The holder of a promissory note, acquired for a valuable consideration, before maturity, can recover of the maker the full amount of same and the enforcement of the mortgage securing its payment, when the only defense urged against it is a deficiency in the quality of land sold, and the seller has been discharged from all responsibility thereon by defendants.

A PPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*E. Howard McCaleb* for Plaintiff and Appellee:

1.  Where the heirs of the drawer of promissory notes, secured by mortgage and vendor's privilege, obtain from the holder renewals and extensions without the vendor's knowledge or participation, they cannot when sued on the notes, claim a diminution of the amount evidenced thereby, because of an alleged deficiency in the quantity of the land sold.  Nor can they call their vendor a third person as to the renewals and extensions in warranty.  Having obtained full consideration for the notes, they are estopped from claiming any deduction and from pleading secret equities between them and their vendor.

2.  There must be privity of contract between plaintiff and warrantors.  This is a *sine qua non* to the call in warranty permitted by the Code of Practice, arts. 378, 379 ; 8 R. 30 ; 18 Ann. 554 ; 19 Ann. 67 ; 23 Ann. 554.

3.  The maker sued by the holder of a note cannot call other parties in warranty.  3 M. 261 ; 8 L. 37 ; 8 Ann. 123 ; Ib. 136.

4.  *Quanti minoris* is a direct action and cannot be engrafted on a suit against a vendee by a third holder, not his vendor, to enforce the payment of promissory notes.  Such a call

Bank vs. Trudeau et als.

in warranty by the vendee will not be tolerated in order to evade the plea of prescription of one year available to the vendor in a direct action. R. C. C. 2492, 2498; Troplong, Vente, T. 1, No. 533; T. 2, Nos. 580, 586.

. *Chas. Louque* for Defendants and Appellants.

The opinion of the Court was delivered by

WATKINS, J. This suit was brought on two promissory notes for $5,194.45 each, bearing date February 7, 1881, maturing at two and three years thereafter, and secured by special mortgage and vendor's lien upon the Eliska plantation—for the deferred portions of the purchase price of which same had been executed by Emanuel Trudeau.

They were drawn payable to his own order, and by himself indorsed in blank, at the time of their delivery to Manuel Elliott, the seller.

The authentic act of sale evidences these transactions, and also contains the usual stipulation as to the retention of a special mortgage and vendor's lien on the property sold, to secure the payment of the purchase price, and said notes were duly paraphed *ne varietur.*

The note first falling due was, by the plaintiffs discounted for, and at the request of Manuel Elliott, and the second was discounted for the account of Joseph Emanuel Elliott—both prior to maturity.

On the former appear the following special indorsements, viz :

" Pay to the order of J. F. Elliott.

(Signed) MANUEL ELLIOTT."

And " Pay to the order of Manuel Elliott.

(Signed) J. F. ELLIOTT.

MANUEL ELLIOTT."

On the latter appear these indorsements, to-wit:

" Pay to the order of Joseph Manuel Elliott.

(Signed) MANUEL ELLIOTT.

And JOSEPH MANUEL ELLIOTT."

The notes, at their maturity, were by the bank extended at the special instance and request of the maker, and his heirs and legal representatives, after his death, in June, 1883, who had been formally recognized, and put in possession of his estate.

They are made parties defendant in this suit, and, answering, plead the general issue, followed by a special defense, to the effect that they are not liable to the plaintiffs on these notes to the extent of $,6667.38, for that there was error in the execution of the notes, and want and failure of consideration therefor.

In explanation defendants aver that there was a deficiency in the quantity of land sold their ancestor, Emile Trudeau, to the extent of

639.70 acres, worth that sum, and they claim a reduction therefor, on such judgment as the court may award plaintiffs; but, in the event judgment should go against them for the whole, they then demand a like judgment to the extent of said deficiency, against the heirs and representatives of Emanuel Elliott, the seller and warrantor, whom they have called upon to defend this suit therefor.

### I.

The proof clearly shows that the plaintiffs acquired the notes for value before maturity, and they are therefore holders in good faith, and fully protected under the law-merchant, against any and all equities existing between prior parties thereto.

This is elementary.

Hence, plaintiffs are, at least, entitled to judgment for the full amount of the principal and interest of the notes, with five per cent attorneys' fees, and cost against defendants.

### II.

Counsel for defendants, in the brief and oral argument, insist that the mortgage securing the notes is only assignable—passing by the transfer of the notes—and is not protected against existing equities.

While this is true, as a general proposition, we cannot see in what way same can be applied in this case.

Defendants' answer does not claim such relief. It does not demand that plaintiffs' mortgage be in any way limited in extent of area, or to the reduced sum defendants are willing to pay.

Granting the full force of defendants' counsel's argument in regard to the alleged deficiency in the quantity of land sold, and yet plaintiffs are entitled to have their mortgage and vendor's lien recognized, and enforced to the full extent of the land *actually conveyed;* and that is all they have.

The cases cited by defendants' counsel can have no bearing on the case at bar. 8 R. 440, Schandt vs. Frey; 14 Ann. 596, Bauman & McElroy vs. Bradford; 20 Ann. 254, Brou vs. Becuil; 28 Ann. 855, Morris & Co. vs. White; 26 Ann. 376, Garner vs. Goy; 19 Ann. 260; 20 Ann. 264.

To illustrate the inapplicability of the principle contended for, we quote from 14 Ann. 596, as follows:

"If one mortgages property not his own, and without any authority, to guaranty a negotiable promissory note, the mortgage is without any effect.

"A party taking a negotiable note secured by mortgage must incur

the risk that there may be other parties who may successfully oppose his mortgage.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"If the mortgagee were the pretended owner of the property by a simulated sale, the negotiability of the note cannot give force to the act of mortgage, and thus transform a simulated sale into a real one.

"The negotiability of notes cannot destroy the rights of *third persons* to real property, who are *no parties* to the note, and perhaps know nothing of its existence.

"It is true that the transfer of a note carries with it its accessions, and the mortgage is an accessory, but the mortgage is conveyed only so far as the person giving it was entitled to create it."

Undoubtedly Emile Trudeau was entitled to, and did create a mortgage and vendor's lien to the full extent of his acquisition of property under the act of sale from Manuel Elliott. To that extent it can be enforced by plaintiffs. In this manner the question of the alleged diminution of price, growing out of the deficiency in quantity of land, is eliminated from discussion.

### III.

If this were not the case, the defendants clearly had no right to delay trial on the notes, until he could litigate this question with their vendor and warrantors, because neither the heirs of Manuel Elliott, nor Manuel Elliott, occupied such relation to the *notes* sued on as to justify it.

The notes having been executed to the order of the maker and by him indorsed in blank, and payable to bearer, and no further indorsement was necessary to pass title thereto, and any subsequent indorsement thereof was either an accommodation or an act of suretyship.

When, thereafter, the maker and indorser or his heirs procured an extension of time without their consent, such persons are discharged from all liability and ceased to be parties or persons to the contract through their act. Having thus discharged them when they wanted further time to make payment, they cannot now equitably claim the right to postpone proceedings until they can have a reckoning with them on their call in warranty.

We think the judgment of the lower court was correct, and it is therefore affirmed.

Judgment affirmed.